NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0535n.06
Filed: August 1, 2006

No. 05-1924

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Hazaa Shahit, et al.,                )
                                     )
            Plaintiffs-Appellants,)      ON APPEAL FROM THE
      v.                             )   UNITED STATES DISTRICT
                                     )   COURT FOR THE EASTERN
Aric Tosqui, et al.,                 )   DISTRICT OF MICHIGAN
                                     )
            Defendants-Appellees. )


BEFORE: DAUGHTREY and COLE, Circuit Judges, and GRAHAM,[1] District Judge.

GRAHAM, District Judge. This is a civil rights action filed under 42 U.S.C. §§ 1983 and 1985 by plaintiffs Hazaa Shahit and Mohamed Elmathil against defendants Aric Tosqui and Michael Parish, police officers employed by the City of Detroit. Plaintiffs claimed that the traffic stop of their vehicle by the defendant officers was not supported by reasonable suspicion, that their subsequent arrest was not supported by probable cause, that the stop and arrest were motivated by plaintiffs' ethnic origin, and that the officers conspired to violate their civil rights. In a decision rendered on June 1, 2005, the district court entered an order granting defendants' motion for summary judgment on the grounds of qualified immunity, and this appeal follows.

We agree with the well-reasoned opinion of the district court, and find that summary judgment was appropriate in this case. We

---

[1]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

further note that while there has been some confusion in this circuit in the past about the standard to be applied to investigatory stops for civil traffic violations, this court recently noted in United States v. Perez, 440 F.3d 363 (6th Cir. 2006) that "[a]n ordinary traffic stop is like an investigative detention, the scope of which is governed by Terry principles." Id. at 370 (citing United States v. Hill, 195 F.3d 258, 264 (6th Cir. 1999)). A stop for a civil traffic violation may be based on reasonable suspicion. See Weaver v. Shadoan, 340 F.3d 398 (6th Cir. 2003)(upholding a civil traffic stop based on reasonable suspicion of a violation of vehicle registration and window tinting laws). The district court correctly held that the evidence submitted on summary judgment showed that the vehicle stop in this case was valid, as it was based on reasonable suspicion that plaintiffs were engaging in criminal activity and were committing a civil traffic violation, and that no genuine issue of fact existed in that regard.

For the reasons stated by the district court in its order of June 1, 2005, the judgment of the district court awarding summary judgment to the defendants on the grounds of qualified immunity is AFFIRMED.